UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**R. ALEXANDER ACOSTA**, Secretary,
of Labor, United States Department of Labor,

    Plaintiff,

    v.

**BLUE RIBBON PUB, LLC,**
**THE THIRSTY DUCK, LLC,** and
**DANIEL ZIERATH**, an individual,

    Defendants.

Civil action no.:

Legal and equitable relief sought

## COMPLAINT

**R. Alexander Acosta,** Secretary of Labor, United States Department of Labor, ("Secretary") brings this action to enjoin defendants **Blue Ribbon Pub, LLC, d/b/a Jackson's Blue Ribbon Pub, The Thirsty Duck, LLC d/b/a Thirsty Duck,** (collectively "corporate defendants") and **Daniel Zierath,** an individual, ("defendants") from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, *et seq*.), ("the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

1

# II

**A.** Defendant Blue Ribbon Pub, LLC ("Blue Ribbon") is and, at all times hereinafter mentioned, was a corporation with an office and a place of business at 11302 W. Bluemound Rd. Milwaukee, Wisconsin 53226, in Milwaukee County, within the jurisdiction of this court; and is and, at all times hereinafter mentioned, was engaged under the name and style of Jackson's Blue Ribbon Pub in the operation of a bar and restaurant and in the performance of related activities.

**B.** Defendant, The Thirsty Duck, LLC ("Thirsty Duck") is and, at all times hereinafter mentioned, was a corporation with an office and a place of business at 11320 W. Bluemound Rd. Milwaukee, Wisconsin 53226, in Milwaukee County, within the jurisdiction of this court; and is and, at all times hereinafter mentioned, was engaged under the name and style of Thirsty Duck in the operation of a bar and restaurant and in the performance of related activities.

**C.** Defendant Daniel Zierath ("Zierath"), an individual, is the owner of defendants Blue Ribbon and Thirsty Duck and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate defendants in relation to their employees, including, but not limited to daily supervision, hiring, and firing. At all times hereinafter mentioned, defendant Zierath was engaged in business within Milwaukee County within the jurisdiction of this court. Zierath acted directly or indirectly in the interest of Blue Ribbon and Thirsty Duck in relation to their employees and is an employer within the meaning of section 3(d) of the Act.

**III**

Each corporate defendant is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and each is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

**IV**

Each corporate defendant is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that each enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

**V**

Defendants Blue Ribbon and Thirsty Duck are joint employers within the meaning of the Act in that they have an arrangement to share or interchange employees' services, act directly or indirectly in the interest of the other in relation to employees, and share control of employees, in part, because they are under the common control of Zierath.

**VI**

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying many of their employees' wages at rates less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were

3

employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.  Specifically, defendants failed to pay employees minimum wage when their combined tipped wages and cash wages were less than the applicable minimum wage rate of $7.25.

## VII

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Defendants

- A.  paid some employees, in cash, at their regular rate for hours over 40 hours in a workweek without the overtime premium;
- B.  failed to pay employees at one and one-half times their regular rate for all workweeks when employees worked more than a combined 40 hours in a workweek for their work at both the Blue Ribbon and the Thirsty Duck; and
- C.  paid some employees by check at their regular rate for hours worked over 40 hours in a workweek.

## VIII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and

preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the total hours worked each workday and the total hours worked each workweek with respect to many employees when they worked at both the Blue Ribbon and Thirsty Duck in the same workweek.

## IX

During the period since June 20, 2014, defendants repeatedly have violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wages and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in

the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

    (2)  pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

  (c)  For an Order awarding plaintiff the costs of this action; and

  (d)  For an Order granting such other and further relief as may be necessary or appropriate.

              Respectfully Submitted,

              NICHOLAS C. GEALE
              Acting Solicitor of Labor

              CHRISTINE Z. HERI
              Regional Solicitor

              _/s/ Bruce C. Canetti_
              BRUCE C. CANETTI
              Trial Attorney

P.O. ADDRESS:
U.S. Department of Labor        Attorneys for R. ALEXANDER ACOSTA
Office of the Solicitor         Secretary of Labor, United States
230 South Dearborn Street       Department of Labor, Plaintiff
Eighth Floor
Chicago, Illinois 60604
Telephone: 312/353-3271
canetti.bruce@dol.gov
IL Bar No.: 6285867

**Exhibit A**

Adams, Zachary
Baker, Matthew
Bautista, Leonardo
Bickel, Jeffrey
Colin-Guevara, Manuel
Crowley, James
Cruz-Marinez, Silverio
Cruz-Quiros, Alexander
Donenguez, Gustavo
Eichler, Courtney
Eldridge, Jesse
Eusebio, Jorge
Eusebio-Avellaneda, Armando
Falk, Michael
Franke, Angela
Garcia, Ruben
Halkola, McKinzie
Heller, Hope
Hoeffler, Doninic
Holcomb, Madison
Humphrey-Davis, Destiny
Jozwik, Maura
Kowalski, Billy
La Rock, Karla
Marion, Anastacio
Marseo-Jones, Doninic
Neumer, Theresa
Pestana, Coatzozon, Javier
Rodriguez, Austin
Roufus, Michasel
Ruiz, Nancy
Sabion, Leticia
Sanabria, Ivan
Schemetzler, Kellie
Schofield, Kersten