# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

R. ALEXANDER ACOSTA, *Secretary of the United States Department of Labor*,

       Plaintiff,

v.

BLUE RIBBON PUB, LLC, *d/b/a* JACKSON'S BLUE RIBBON PUB, THE THIRSTY DUCK, LLC, *d/b/a* THIRSTY DUCK, and DANIEL ZIERATH,

       Defendants.

Case No. 17-CV-752-JPS

**CONSENT JUDGMENT**

**Decision by Court**. This action came on for consideration before the Court and a decision has been rendered.

  **IT IS ORDERED AND ADJUDGED** that the parties' request for entry of a consent judgment (Docket #2) be and the same is hereby **GRANTED**;

  **IT IS FURTHER ORDERED AND ADJUDGED** that judgment be entered in favor of Plaintiff, R. Alexander Acosta, Secretary of the U.S. Department of Labor (the "Secretary"), and against Defendants, Blue Ribbon Pub, LLC, *d/b/a* Jackson's Blue Ribbon Pub ("Blue Ribbon Pub"), The Thirsty Duck, LLC *d/b/a* Thirsty Duck, ("The Thirsty Duck"), and Daniel Zierath ("Zierath") (collectively, "Defendants"), in this action brought pursuant to the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*.) ("FLSA"), according to the following terms:

1. Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, and all persons in active

concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the FLSA in any of the following manners:

    a.    Defendants shall not, contrary to 29 U.S.C. §§ 206(a)(1) and 215(a)(2), fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in any of their enterprises engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the FLSA. Defendants shall comply with all of the requirements of 29 U.S.C. § 203(m) necessary to use a tip credit.

    b.    Defendants shall not, contrary to 29 U.S.C. §§ 207(a)(1) and 215(a)(2), employ any of their employees in commerce or in the production of goods for commerce, or in any of their enterprises engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

    c.    Defendants shall not, contrary to 29 U.S.C. §§ 211(c) and 215(a)(5) of the FLSA, fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 211(c) of the FLSA and 29 C.F.R. § 516. Defendants shall make such records available upon request by representatives of the Secretary.

2.    Pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c):

    a.    Defendants are jointly and severally liable to the Secretary in the total amount of $51,090, which includes $25,545 in unpaid minimum wage and overtime compensation due the employees identified in Exhibit A to this judgment, attached hereto and made a part hereof, plus an additional equal amount of $25,545 as statutorily authorized liquidated damages, for the period from June 20, 2014 to June 19, 2016.

b.   Defendants Blue Ribbon Pub and The Thirsty Duck are, and at all times hereinafter mentioned were, an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r), 203(s)(1)(A).

c.   Defendants delivered to the Secretary payment in the amount of $6,200, along with their signed copy of the proposed consent judgment (Docket #2).

d.   Defendants shall make monthly payments to the Secretary in the amount of $1,422.53, including interest, on or before the first of each month starting on August 1, 2017, and continuing through July 1, 2019, totaling $32,200, plus interest. On or before August 1, 2019, Defendants shall make a final payment in the amount of $12,765.43, including interest. These twenty-three monthly payments and the final payment total $51,090, plus interest. All payments shall be delivered to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, in the form of a certified or cashier's check made payable to "Wage and Hour – Labor."

e.   Defendants shall furnish with the first payment referenced in paragraph (2)(d) above, a statement showing the following information:

   i.   Blue Ribbon Pub and The Thirsty Duck's federal employer tax identification number; and

   ii.   The Social Security number, last known address, last known telephone number, and last known e-mail address of each person listed in Exhibit A to this judgment.

f. The Secretary shall distribute the proceeds of each installment to the persons enumerated in Exhibit A or to their estates if necessary. Defendants remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities.

g. Any funds not distributed within a period of three (3) years from the date of the judgment in this matter because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

h. Should Defendants fail to pay the amounts on or before the dates set forth hereinabove, the entire amount of the balance of unpaid

compensation and liquidated damages with accrued interest shall become immediately due and payable without further notice by the Secretary to Defendants. Defendants agree that the amounts set out in this judgment constitute a debt due and owing the United States Department of Labor. Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134), published by the Secretary of the Treasury in the Federal Register, and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Secretary intends to pursue any additional collection action, including but not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice. Any rights to challenge or contest the validity of the judgment in this matter are hereby waived.

i. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of the judgment in this matter or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of the judgment in this matter or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendants under the provisions of the judgment in this matter or the FLSA.

3. Defendants agree that the statute of limitations prescribed in 29 U.S.C. § 255 shall be tolled for the period from the date of execution of the judgment in this matter until all amounts are paid pursuant to the terms of this judgment.

4. Zierath acted directly or indirectly in the interest of Blue Ribbon Pub and The Thirsty Duck in relation to their employees and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203, for both restaurants.

5. Blue Ribbon Pub is and, at all times hereinafter mentioned, was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r), 203(s)(1)(A).

6. The Thirsty Duck is and, at all times hereinafter mentioned, was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r), 203(s)(1)(A).

7. Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding; and

**IT IS FURTHER ORDERED and ADJUDGED** that this action be and the same is hereby **TERMINATED**.

APPROVED:

J.P. Stadtmueller
U.S. District Judge

STEPHEN C. DRIES
Clerk of Court
*s/ Jodi L. Malek*
By: Deputy Clerk

June 30, 2017
Date